UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES W. THURMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:17-CV-114-HSM-CHS |
| v. | ) |
| | ) |
| MCMINN COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc.1] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, Plaintiff's application for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED** and as Plaintiff is no longer incarcerated, he will not be assessed the filing fee. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I. Screening Standard

District courts shall, at any time, *sua sponte* dismiss any claims filed *in forma pauperis* that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B)  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a review under this rule, a

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. Allegations of the Complaint

The substance of Plaintiff's complaint states, in its entirety, as follows:

> "[S]aid that I wa[]s charged with a controlled substance and distributing f[ro]m my Home"

[Doc. 2 p. 3]. The only Defendant in this action is McMinn County Jail, though Plaintiff also wrote "offense principally" in the portion of the complaint designated for listing additional defendants [*Id.*].

## III. Legal Analysis

Fist, McMinn County Jail is not a suable entity under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688–90 and n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Marbry v. Correctional Medical Services*, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120

(6th Cir. 1991)); *Cage v. Kent Cty. Corr. Facility*, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Further, to the extent Plaintiff seeks to hold any individual liable for his underlying criminal conviction(s), his complaint fails to state a claim, as Plaintiff has not alleged that the conviction has been reversed of otherwise invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that if a judgment for plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*.; *see also Norwood v. Mich. Dep't of Corrs.,* 67 Fed. App'x 286, 287 (6th Cir. 1994) (holding that a claim that defendants conspired to revoke a plaintiff's parole "necessarily implies the invalidity of his confinement" and is therefore governed by the abstention doctrine set forth in *Heck*). Accordingly, *Heck* compels dismissal of any claim arising out of Plaintiff's underlying convictions.

To the extent Plaintiff asserts a claim arising out of any criminal charges currently pending against him, any such claim is barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which provides that federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution against them in state court where those ongoing proceedings implicate important state interests and the plaintiffs have an adequate opportunity to raise their challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499– 504 (1974). Plaintiff has not set forth any facts suggesting that the limited exceptions to this doctrine, all of which are interpreted narrowly, apply in this case. *See Zalman v. Armstrong*, 802

F. 2d 199, 205–06 (6th Cir. 1986); *Younger*, 401 U.S. 46, 53–54. Accordingly, any claim arising out of current criminal charges are likewise barred.

Accordingly, Plaintiff's complaint does not state a claim upon which relief may be granted under § 1983 and this action will be **DISMISSED**.

**IV.     Conclusion**

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). As Plaintiff is no longer a prisoner, he will not be assessed the filing fee.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

      */s/ Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE